United States Courts
Southern District of Texas
FILED
November 07, 2024
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| vs. | § CRIMINAL NO. **4:24-cr-00577** |
| | § |
| IMRAN ALI | § |
| AMMAR ALI | § |
| AVERYL CIRIAH PEREYRA | § |

**INFORMATION**

THE UNITED STATES ATTORNEY CHARGES THAT:

**COUNT ONE**
(Title 18 United States Code, Section 371 – Conspiracy)

**A.  INTRODUCTION**

At all times material to this Information:

1. **The Gun Control Act**

   A. A "firearms dealer" is any person engaged in the business of selling, renting, leasing, or loaning firearms.  The Gun Control Act states that no person shall deal in firearms until he or she has filed an application to do so with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereafter "BATFE") and received a Federal Firearms License (hereafter "FFL") issued by the BATFE. Each Federal Firearms Licensee (hereafter "licensed dealer" or "FFL") must maintain records of the receipt, sale, or other disposition of firearms at their place of business as long as the business is in operation.  Upon the closing of such business, the FFL must forward all of the required firearms records to the BATFE Out of Business Section where they are maintained indefinitely.

   B. The law requires that each FFL maintain in a bound book the record of every firearm receipt, sale, or other disposition. Such record must include the name and address of the

1

person to whom the dealer sells or otherwise disposes of any firearm. The BATFE may inspect the premises, inventory, and record keeping requirements, or trace a firearm sold by the FFL that was later recovered in a crime.

2. **<u>The ATF Form 4473 (Firearms Transaction Record):</u>**

    A. The BATFE Form 4473 (hereafter "Form 4473") is a document used and maintained by the FFL to create a written record of each firearm sale or disposition. The Form 4473 is completed in part by the FFL and in part by the firearms purchaser at the time a firearm is sold or otherwise disposed of. The Form 4473 memorializes that an FFL has taken all precautions required by the BATFE and his license to ensure he does not transfer a firearm to a person who is prohibited from possessing it. Accordingly, among other things, the Form 4473 requires that the purchaser truthfully answer a series of questions about the firearms transaction.

    B. One important question asked of the firearms purchaser is, "Are you the actual buyer of the firearm(s) listed on this form?" The block on the Form 4473 containing this question goes on to warn that, "You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual buyer, the dealer cannot transfer the firearm(s) to you." The Form 4473 certification section reemphasizes "I understand that answering "yes" to question 11a *(2016 Form)* 21a *(2020 Form)*, if I am not the actual transferee/buyer, is a crime punishable as a felony under Federal law and may also violate state and/or local law." FFLs must keep each executed Form 4473 at their place of business and must make them available to the BATFE for inspection.

    C. The purpose of the Form 4473 is threefold. The first is to cause FFLs and prospective

firearm purchasers alike to note any legal impediments to the consummation of a firearms sale before deciding to proceed. The second is to acquire sufficient information about the purchaser to enable the Federal Bureau of Investigation (hereafter "FBI"), through its National Instant Background Checking System (hereafter "NICS"), to perform a criminal history check of the purchaser to verify they are not prohibited from possessing a firearm on account of a prior felony conviction or status as an illegal alien, among other prohibitions. The third is to create a traceable record of the sale of a firearm that permits law enforcement officers in an on-going criminal investigation involving a firearm, to trace the firearm to its last-known purchaser.

D. The information the firearm purchaser provides on the Form 4473 must be true and accurate. It is a felony offense for any person to knowingly provide false information on a Form 4473.

## B. OBJECT OF THE CONSPIRACY

Beginning on or about November 1, 2022, and continuing until on or about May 1, 2023, in the Southern District of Texas, the defendants,

**IMRAN ALI**
**AMMAR ALI**
**AVERYL CIRIAH PEREYRA**

did knowingly combine, conspire, confederate, and agree with each other, and with other persons known and unknown to the Grand Jury, in connection with the acquisition of firearms from licensed dealers of firearms within the meaning of that term in Chapter 44 of Title 18 of the United States Code, to knowingly make false written statements and representations to said licensed firearms dealers with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of the respective licensed dealers in that the

3

conspirators, represented on ATF Forms 4473 that they were the actual buyers of the firearms, when in fact, as the defendants well knew, they were not the actual buyers of the firearms, in violation of Title 18, United States Code, Sections 924(a)(1)(A) and 924(a)(1)(D).

### C.  MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

(1) The conspirators did conspire and purchase firearms from Federal firearms licensed dealers (FFL) and falsely represented that they were the actual buyers of the firearms.

(2) IMRAN ALI was prohibited under federal law from purchasing firearms.

(3) Because of that prohibition, IMRAN ALI would and did organize the purchase of firearms on his behalf by AMMAR ALI and AVERYL CIRIAH PEREYRA. IMRAN ALI ultimately received the firearms and resold them at a profit.

(4) IMRAN ALI arranged the purchases in question on behalf of himself as well as others known and unknown to the Grand Jury.

(5) IMRAN ALI directed the conspirators as to which firearms to purchase as well as when and where to purchase the firearms. IMRAN ALI would arrange the purchases with an FFL, then go to the FFL with either AMMAR ALI or AVERYL CIRIAH PEREYRA to complete the purchases. Once the purchases were complete, IMRAN ALI would take possession of the firearms. AMMAR ALI or AVERYL CIRIAH PEREYRA paid for the firearms using money that SYED IMRAN ALI provided to them for the purchases in question.

### D.  OVERT ACTS

In furtherance of the conspiracy, and to affect the objects thereof, the conspirators performed and caused to be performed the following acts, among others,

(1) On or about January 15, 2023, IMRAN ALI and AMMAR ALI went to an FFL in Houston, Texas where AMMAR ALI purchased a Barret .50 caliber sniper rifle. IMRAN ALI immediately took possession of the rifle. As part of that purchase, AMMAR ALI made a false statement to the FFL that he was the actual transferee of the rifle when, in fact, AMMAR ALI purchased the rifle for IMRAN ALI.

(2) On or about January 21, 2023, IMRAN ALI and AMMAR ALI went to an FFL in Houston, Texas where AMMAR ALI purchased an FN SCAR 17 rifle. IMRAN ALI immediately took possession of the rifle. As part of that purchase, AMMAR ALI made a false statement to the FFL that he was the actual transferee of the rifle when, in fact, AMMAR ALI purchased the rifle for IMRAN ALI.

(3) On or about January 24, 2023, IMRAN ALI and AVERYL CIRIAH PEREYRA went to an FFL in Houston, Texas where AVERYL CIRIAH PEREYRA purchased three FN Scars rifles. IMRAN ALI immediately took possession of the rifles. As part of that purchase, AVERYL CIRIAH PEREYRA made a false statement to the FFL that she was the actual transferee of the rifles when, in fact, AVERYL CIRIAH PEREYRA purchased the rifle for IMRAN ALI.

(4) On or about January 30, 2023, IMRAN ALI and AVERYL CIRIAH PEREYRA went to an FFL in Houston, Texas where AVERYL CIRIAH PEREYRA purchased a Barret .50 caliber sniper rifle. IMRAN ALI immediately took possession of the rifle. As part of that purchase, AVERYL CIRIAH PEREYRA made a false statement to the FFL that

she was the actual transferee of the rifle when, in fact, AVERYL CIRIAH PEREYRA purchased the rifle for IMRAN ALI.

(5) During the period of the conspiracy, AMMAR ALI purchased approximately 32 firearms on behalf of IMRAN ALI. In each purchase, AMMAR ALI made false statements to the FFLs at which he purchased the firearms that he was the actual transferee of the firearms in question when, in fact, AMMAR ALI purchased the firearms for IMRAN ALI.

(6) During the period of the conspiracy, AVERYL CIRIAH PEREYRA purchased approximately 28 firearms on behalf of IMRAN ALI. In each purchase, AVERYL CIRIAH PEREYRA made false statements to the FFLs at which she purchased the firearms that she was the actual transferee of the firearms in question when, in fact, AVERYL CIRIAH PEREYRA purchased the rifle for IMRAN ALI.

In violation of Title 18, United States Code, Section 371.

## NOTICE OF FORFEITURE

The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 924(d), 18 USC § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

Upon conviction of the firearm offenses alleged in Count One in this Information, the defendants shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) or otherwise abandon any property, real or personal, which was involved in or facilitated the offense, including but not limited to the following: firearms and ammunition.

Upon conviction of the offenses alleged in Count One in this Information, the defendants

shall forfeit to the United States pursuant to 18 USC § 981(a)(1)(C) and 28 USC § 2461 or otherwise abandon all property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation.

If any of the property described above, as a result of any act or omission of the defendant:

a) cannot be located upon the exercise of due diligence;

b) has been transferred or sold to, or deposited with, a third party;

c) has been placed beyond the jurisdiction of the court;

d) has been substantially diminished in value; or

e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

ALAMDAR HAMDANI
UNITED STATES ATTORNEY

*/s/ John S. Ganz*
John S. Ganz
Assistant United States Attorney